**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 05-206 (EGS)** |
| | : | |
| **v.** | : | |
| | : | |
| **HOUSTON QUILDON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR MODIFICATION OF PRETRIAL DETENTION ORDER**

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, respectfully opposes defendant's motion for modification of the pretrial

detention order.  In support of its opposition, the government states as follows:

1.      Defendant is charged in a fourteen-count indictment with distributing a total of

approximately 240 grams of cocaine base on seven separate occasions, each time within 1000 feet

of a school, between February 16, 2005, and May 12, 2005.  At least three of these distributions

involved more than 50 grams of cocaine base, thus subjecting the defendant to a mandatory

minimum term of imprisonment of at least ten years and a maximum term of life imprisonment.

2.      Defendant was arrested on June 2, 2005, and has been incarcerated since that date.

Defendant now seeks release on personal recognizance or into a halfway house as a result of his

diagnosis in June 2006 of cancer of the lower esophagus.  Specifically, defendant argues that his

release is required so that he can undergo proper cancer treatment in the form of radiation and

chemotherapy.  In support of his request, defendant submitted a letter from his treating physician,

Dr. Welton O'R. Nedd.  In it, Dr. Nedd described the defendant's treatment to date and concluded

that "[a]s of this time [the defendant] as no detectable evidence of cancer."

2

3.      With defense counsel's permission, undersigned counsel spoke with Dr. Nedd by telephone on November 17, 2006.  Dr. Nedd further explained that he based his conclusion that the defendant has no detectable evidence of cancer on his observations during surgery, as well as on the negative results of several post-surgical tests, including a chest X-ray, CAT scan and bone scan.  Dr. Nedd also explained that he had consulted with both a radiation oncologist and a chemotherapy oncologist about the need for further medical treatment of the defendant, and that neither doctor suggested that the defendant was a candidate for radiation or chemotherapy at that time.  Finally, Dr. Nedd stated that he was not currently aware of any medical reason that the defendant should not remain detained pending resolution of his criminal matter.

4.      Although the defendant suggests in his motion that there is "absolutely no evidence" that he "is or ever has been a danger to the community," the government adamantly disagrees.  The defendant has been indicted for offenses for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, thus creating a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community.  *See* 18 U.S.C. § 3142(e).  The drug transactions in this case were both audio and video-taped; therefore, the evidence against the defendant is exceptionally strong.  The defendant has numerous prior convictions, including convictions for violent and gun-related offenses and violations of the Bail Reform Act.  Moreover, at the time of this offense, the defendant was on parole for a violent offense involving a firearm.  The Pretrial Services Agency report also suggests that the defendant was not able to abide successfully with conditions of probation afforded him in other cases.  Thus,  the defendant's past history suggests that he would have little regard for any conditions of release imposed by the Court.  *See* 18 U.S.C. § 3142(g).  The defendant's present

3

medical condition does not overcome this very compelling evidence that he is both a danger to the

community and a risk of flight.

Therefore, the government respectfully requests that the Court deny the defendant's motion

for modification of the pretrial detention order in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
ANGELA G. SCHMIDT
Assistant United States Attorney
Texas Bar No. 17764980
555 4th Street, NW, 4th Floor
Washington, DC 20530
(202) 514-7273