UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 05-206 (EGS)** |
| | : | |
| v. | : | |
| | : | |
| **HOUSTON QUILDON,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### FOR MODIFICATION OF PRETRIAL DETENTION ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's motion for modification of the pretrial detention order. In support of its opposition, the government states as follows:

1. The Defendant is charged in a fourteen-count indictment with distributing a total of approximately 240 grams of cocaine base on seven separate occasions, each time within 1000 feet of a school, between February 16, 2005, and May 12, 2005. At least three of these distributions involved more than 50 grams of cocaine base, thus subjecting the Defendant to a mandatory minimum term of imprisonment of at least ten years and a maximum term of life imprisonment.

2. The Defendant was arrested on June 2, 2005, and has been incarcerated since that date. During a December 14, 2006 status hearing, this Court denied the Defendant's request for release into the third-party custody of the Intensive Supervision Program of the Pre-Trial Services Agency, or release into a halfway house. Now, the Defendant again seeks release into the third-party custody of the Intensive Supervision Program of the Pre-Trial Services Agency, or into a halfway house with work release. Specifically, the Defendant argues that his release is required so that he can undergo proper cancer treatment in the form of radiation and chemotherapy. In support of his request, the Defendant submitted a two-page "chart document" signed by Dr. David Antonetti. In

2

it, Dr. Antonetti apparently indicates that "[the D.C. Jail] is not equipped to treat [the Defendant]," and Dr. Antonetti recommends that the Defendant be transferred to an institution that offers chemotherapy or radiation "in the event that he needs further treatment."

3. With defense counsel's permission, undersigned counsel spoke with Dr. Nader Marzban, Medical Director of the District of Columbia Department of Corrections, by telephone on January 30 and 31, 2007. Dr. Marzban has reviewed the Defendant's medical file and indicated that the Defendant continues to have no detectable evidence of cancer. Dr. Marzban also explained that the Defendant was recently referred to and evaluated by an oncologist at Howard University Hospital, Dr. Akpen, about the need for further medical treatment, including the need for chemotherapy and radiation. Dr. Marzban indicated that although Dr. Akpen has referred the Defendant to another oncologist, Dr. Gaskin, for a second opinion, there is no indication that the Defendant needs chemotherapy or radiation at this time. Dr. Marzban stated that the jail is equipped to treat the Defendant, the Defendant is receiving appropriate medical treatment at the jail, and if chemotherapy or radiation is determined to be necessary, the Defendant would be referred to an outside facility to receive that treatment because the jail is not equipped to provide chemotherapy or radiation. Finally, Dr. Marzban is not currently aware of any medical reason that the Defendant should not remain detained pending resolution of his criminal matter.

4. The Defendant has been indicted for offenses for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, thus creating a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e). The drug transactions in this case were both audio and video-taped; therefore, the evidence against the

3

defendant is exceptionally strong. The Defendant has numerous prior convictions, including convictions for violent and gun-related offenses and violations of the Bail Reform Act. Moreover, at the time of this offense, the Defendant was on parole for a violent offense involving a firearm. The Pretrial Services Agency report also suggests that the Defendant was not able to abide successfully with conditions of probation afforded him in other cases. Thus, the Defendant's past history suggests that he would have little regard for any conditions of release imposed by the Court. *See* 18 U.S.C. § 3142(g). The Defendant's present medical condition does not overcome this very compelling evidence that he is both a danger to the community and a risk of flight, particularly since the Defendant has no detectable evidence of cancer, there is no indication that the Defendant needs chemotherapy or radiation at this time, and Dr. Marzban has indicated that the jail is providing the Defendant with appropriate medical treatment.

Wherefore, for the foregoing reasons, and any which may appear at a full hearing on this matter, the government respectfully requests that the Court deny the Defendant's motion for modification of the pretrial detention order in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

        /s/
PRECIOUS MURCHISON
Assistant United States Attorney
Maryland Bar
555 4th Street, NW, 4th Floor
Washington, DC 20530
(202) 307-6080

4

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the Defendant, Harry Tun, this 31st day of January 2007.

_____
Precious Murchison
Assistant United States Attorney