**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 05-206-01 (EGS)** |
| v. : | |
| : | |
| **HOUSTON QUILDON,** : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Distribution of Fifty (50) Grams or More of Cocaine Base, in violation of 21 United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), each of which the Government must prove beyond a reasonable doubt, are:

　　A.　　That the Defendant distributed a controlled substance;

　　B.　　That the Defendant did so knowingly and intentionally; and

　　C.　　That the amount distributed was fifty (50) grams or more of a substance or mixture that contained cocaine base in a form known as crack.

II.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement is attached.

III.   PENALTIES:

Pursuant to 21 United States Code, Sections 841(a)(1) and (b)(1)(A)(iii), the crime of Distribution of Fifty (50) Grams or More of Cocaine Base carries a penalty of a term of

imprisonment of not less than 10 years or more than life, a fine of not more than $4 million, and a term of supervised release of at least five (5) years.

IV. <u>FACTUAL PROFFER</u>:

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on April 5, 2005, at approximately 4:40 p.m., a cooperating source who was working with agents from the United States Park Police ("USPP") called Defendant Houston Quildon's co-Defendant, Denise Greene ("Greene"), on the telephone to discuss purchasing two ounces of cocaine base from Defendant Quildon. During the telephone conversation, which was recorded, the cooperating source asked Greene to call Defendant Quildon in order to inquire about the price of cocaine base, and to arrange a meeting the next day in order for the cooperating source to purchase the cocaine base from Defendant Quildon. The Defendant agreed to do so, and the telephone conversation ended.

Approximately 10 minutes later, the cooperating source called Greene again. During this second telephone conversation, which was also recorded, Greene indicated that she had talked to Defendant Quildon, and Greene had arranged for Defendant Quildon to meet the cooperating source the next day, April 6, 2005. Greene said that she had told Defendant Quildon that the cooperating source "wanted to double-up," she had "asked for the same price," and she had reminded Defendant Quildon that the price was "nine." The cooperating source explained that Defendant Quildon had only given him 25 or 26 grams last time, and the cooperating source told Greene that he did not want anything less than "a deuce"this time. Greene said, "okay," and told the cooperating source that Defendant Quildon was going to come to Greene's house.

2

The next day, April 6, 2005, at around 4:30 p.m., the cooperating source went to the Greene's home located at 1527 12th Street, Northwest, where he met Greene. Shortly thereafter, the cooperating source and Greene walked to a laundromat located on 11th Street and Rhode Island Avenue, Northwest. Defendant Quildon drove into the parking lot of the laundromat, and the cooperating source got into Defendant Quildon's vehicle, where the cooperating source purchased two bags which contained a white, rock-like substance in exchange for $1,800.00 in pre-recorded USPP funds. Thereafter, the cooperating source exited Defendant Quildon's vehicle, left the area, and then met with a USPP agent who took custody of the substance that had been purchased from Defendant Quildon. That substance was later submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that the substance was cocaine base, with a net weight of 54.9 grams. The transaction between the cooperating source and Defendant Quildon was monitored and recorded through the use of an audio and video recording device worn by the cooperating source.

## Additional Relevant Conduct

The Government was also prepared to prove beyond a reasonable doubt that on six (6) other separate occasions, the cooperating source contacted Greene by telephone to discuss the purchase of cocaine base from Defendant Quildon. During these six (6) telephone conversations, Greene agreed to contact Defendant Quildon on the cooperating source's behalf in order to arrange the purchase of cocaine base. The six (6) telephone conversations between the cooperating source and Greene took place on February 16, 2005, February 22, 2005, March 1, 2005, March 14, 2005, April 20, 2005, and May 11, 2005, and each telephone conversation was recorded by USPP agents. Following each of these six (6) telephone conversations, the cooperating source would meet

3

Defendant Quildon at either Greene's home at 1527 12th Street, Northwest, or at a laundromat located at 11th Street and Rhode Island Avenue, Northwest, and the cooperating source would purchase a quantity of crack cocaine base from Defendant Quildon. These transactions were captured by USPP agents on either audio tape, or video tape, or both audio and video tape.

On February 16, 2005, the cooperating source purchased cocaine base with a net weight of 2.9 grams from Defendant Quildon. On February 23, 2005, the cooperating source purchased cocaine base with a net weight of 5.6 grams from Defendant Quildon. On March 2, 2005, the cooperating source purchased cocaine base with a net weight of 27.6 grams from Defendant Quildon. On March 16, 2005, the cooperating source purchased cocaine base with a net weight of 22.2 grams from Defendant Quildon. On April 21, 2005, the cooperating source purchased cocaine base with a net weight of 54.4 grams from Defendant Quildon. On May 12, 2005, the cooperating source purchased cocaine base with a net weight of 54.5 grams from Defendant Quildon.

The foregoing proffer is a summary of Defendant Houston Quildon's participation in the offense of Unlawful Distribution of Fifty (50) Grams or More of Cocaine Base, and is not intended to be a complete account of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support Defendant Quildon's guilty plea in this case.

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. BAR NO. 489-610

BY: _____
                              PRECIOUS MURCHISON
                              Assistant United States Attorney
                              Maryland Bar
                              U.S. Attorney's Office
                              555 Fourth Street NW, Room 4840
                              Washington, DC 20530
                              (202) 307-6080

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my Unlawful Distribution of Fifty (50) Grams or More of Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A)(iii) . I have discussed this proffer fully with my attorney, Harry Tun, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 6-13-007

HOUSTON QUILDON
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's Unlawful Distribution of Fifty (50) Grams or More of Cocaine Base. I have reviewed the entire proffer with my client and have discussed it with her fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 6/13/07

HARRY TUN, ESQUIRE
Counsel for Defendant